# EXHIBIT A

Monroe County Prothonotary Received/Filed 11/21/2024 1:20 PM

Monroe County PA Prothonotary

**NOV 21 '24 PM 1:37**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

MONROE _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 7785 CV 2024 | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name: Thomas Roseman

Lead Defendant's Name: LVNV Funding, LLC

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Brett Freeman

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**

Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: FCRA

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

      (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

      (ii)    actions for support, Rules 1910.1 et seq.

      (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

      (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

      (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

      (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)  At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)  The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)  The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)  A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)  The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| Thomas Roseman<br>145 Hty Road<br>Kunkletown, PA 18058,<br>          Plaintiff | In the Monroe County Court of<br>Common Pleas<br><br>Docket No.    7785 CV 2024 |
| v. | Civil Action |
| LVNV Funding, LLC<br>355 S Main Street, Suite 300-D<br>Greenville, SC 29601 | Jury Trial Demanded |
|          Defendant | |

## PRAECIPE FOR SUMMONS

To the Prothonotary:

      Kindly issue a Summon in the Civil Action in the above-captioned case.

Date: __11/18/24__

                               Brett M. Freeman
                               Bar Number PA 308834
                               FREEMAN LAW
                               Attorney for Plaintiff
                               606 Hamlin Highway, Suite 2
                               Lake Ariel, PA 18436
                               (570) 589-0010

## SUMMONS IN A CIVIL ACTION

TO: LVNV Funding, LLC:

      You are notified that the Plaintiff has commenced an action against you.

**SEAL OF**
**THE**
**COURT**

Date: __11/21/24__                   By: _____

Monroe County Prothonotary Filed July 02, 2025 10:33 AM

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ROSEMAN,** | : | |
| | : | **NO. 7785 CV 2024** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **LVNV FUNDING, LLC** | : | |
| **Defendant** | : | **RULE TO SHOW CAUSE** |

### <u>O R D E R</u>

        **AND NOW,** this 2nd day of July 2025, **A RULE IS HEREBY ISSUED** upon the Plaintiff to show cause why this case should not be dismissed for failure to prosecute, due to lack of service.

        **RULE RETURNABLE** for Answer in the Office of the Prothonotary of Monroe County on or before the July 23, 2025, at 4:30 p.m.

        If an Answer to the Rule is not filed, the case will be dismissed.

        **BY THE COURT:**

_____
**C. DANIEL HIGGINS, JR., Judge**

cc: Brett Freeman, Esq.

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | | |
|---|---|---|
| Thomas Roseman, | : | No. 007785-CV-2024 |
| | : | |
| Plaintiff/s, | : | |
| | : | |
| vs. | : | |
| | : | |
| LVNV FUNDING, LLC, | : | |
| Defendant/s | : | |
| | : | |
| | : | |

**NOTICE OF ENTRY OF (ORDER)(JUDGMENT)(VERDICT)(OPINION AND ORDER)**

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE 236(a)(2) THAT AN ORDER WAS ENTERED IN THIS CASE ON July 03, 2025.


GEORGE J. WARDEN, Prothonotary




By:_____
        Ninti Mateen

cc:    Brett Freeman, Esq

| | |
|---|---|
| Thomas Roseman<br>145 Hty Rd<br>Kunkletown, PA 18058<br><br>        Plaintiff<br><br>v.<br><br>LVNV Funding, LLC<br>355 S. Main St., Suite 300-D<br>Greenville, SC 29601<br><br>        Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 7785-cv-2024<br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MONROE COUNTY BAR ASSOCIATION<br>
FIND A LAWYER PROGRAM<br>
913 MAIN STREET<br>
STROUDSBURG, PENNSYLVANIA 18360<br>
Telephone (570) 424-7288<br>
Fax (570) 424-8234

Thomas Roseman,
          Plaintiff
    v.

LVNV Funding, LLC,
          Defendant

IN THE MONROE COUNTY
COURT OF COMMON PLEAS

Docket No. 7785-cv-2024

## COMPLAINT

### INTRODUCTORY STATEMENT

1.    This is a claim by an individual consumer for violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.    Defendant violated the FCRA and the FDCPA by reporting inaccurate credit information related to Plaintiff. The FCRA allows Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees.

3.    The FDCPA allows Plaintiff to recover actual damages, statutory damages, costs, and attorney's fees.

### PARTIES

4.    Plaintiff, Thomas Roseman, is a natural person who resides at 145 Hty Rd., Kunkletown, PA 18058.

5.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6.    Defendant, LVNV Funding, LLC ("LVNV"), is a debt collector with a place of business in South Carolina and doing business in Pennsylvania.

7.    Defendant is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

JURISDICTION AND VENUE

8.     This Court has jurisdiction to hear the claims alleged herein.

9.     Venue is proper in this Court because a substantial part of the claim arose here.

FACTUAL ALLEGATIONS

10.    In 2023, following a series of lawsuits between the Plaintiff and LVNV, the parties

entered into a mutual release ("the Mutual Release") to resolve all claims between them.

11.    A copy of the Mutual Release is attached hereto as Exhibit A.

12.    The Mutual Release was signed by Plaintiff on August 15, 2023, and it was signed by

LVNV on September 7, 2023.

13.    Prior to LVNV signing the Mutual Release, LVNV was reporting a debt on Plaintiff's

credit report in the amount of $3,238 ("the Alleged Account").

14.    As part of the Mutual Release, LVNV agreed to release Plaintiff "from all claims."

15.    The Mutual Release included the Alleged Account.

16.    After the Mutual Release was signed, LVNV continued to pull Plaintiff's credit report.

17.    After the Mutual Release was signed, Plaintiff reviewed his credit reports, and saw that

his credit reports included the Alleged Account.

18.    As a result, on or about November 8, 2023, Plaintiff mailed dispute letters to the three

large consumer reporting agencies—Trans Union, Equifax, and Experian ("the First Dispute

Letter").

19.    As part of the First Dispute Letter, Plaintiff included a copy of the Mutual Release and

explained that he did not owe the Alleged Account as a result of the Mutual Release.

20.    Defendant was notified of the First Dispute Letter by Trans Union.

21.    Defendant was notified of the First Dispute Letter by Experian.

2

22.     Defendant was notified of the First Dispute Letter by Equifax.

23.     It is believed, and therefore averred, that after Defendant received notice of the First Dispute Letter, that it then conducted an investigation regarding the Alleged Account.

24.     In response to these disputes, Defendant either verified or updated the Alleged Account to include a slightly different balance.

25.     Plaintiff received dispute results from the consumer reporting agencies indicating that the Alleged Account had been verified or updated.

26.     Plaintiff thereafter lodged multiple additional disputes with Equifax, Experian, and TransUnion.

27.     It is believed, and therefore averred, that Defendant received notice of multiple disputes regarding the Alleged Account from Experian.

28.     It is believed, and therefore averred, that Defendant received notice of multiple disputes regarding the Alleged Account from Equifax.

29.     It is believed, and therefore averred, that Defendant received notice of multiple disputes regarding the Alleged Account from TransUnion.

30.     It is believed, and therefore averred, that in response to each dispute that it received from Experian regarding the Alleged Account, Defendant either verified that the information it was reporting was correct, or provided an updated balance.

31.     It is believed, and therefore averred, that in response to each dispute that it received from Equifax regarding the Alleged Account, Defendant either verified that the information it was reporting was correct, or provided an updated balance.

3

32.    It is believed, and therefore averred, that in response to each dispute that it received from Trans Union regarding the Alleged Account, Defendant either verified that the information it was reporting was correct, or provided an updated balance.

33.    Defendant failed to conduct reasonable investigations of Plaintiff's account upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies.

34.    Defendant failed to appropriately modify, delete, or block Plaintiff's account after conducting its investigation of Plaintiff's account.

35.    Due to Defendant's failure to conduct reasonable investigations regarding Plaintiff's disputes, the account on Plaintiff's credit reports was not appropriately deleted.

36.    The improper reporting of the LVNV account has hampered Plaintiff's ability to obtain credit and pursue other opportunities.

37.    As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, detriment to his credit rating, and emotional distress.

STATEMENT OF CLAIM

*Count I – Violation of the Fair Credit Reporting Act*

38.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39.    Defendant willfully or negligently violated 15 U.S.C. § 1681b, when it continued to pull Plaintiff's credit report after entering into the Mutual Release.

40.    Once the Mutual Release was entered into, Defendant no longer had a permissible purpose to pull Plaintiff's credit report.

41.    Defendant willfully or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more

4

consumer reporting agencies, by failing to appropriately report the results of its investigations, and by failing to appropriately modify, delete, or block the disputed information.

42.     As a result of Defendant's violations of 15 U.S.C. §§ 1681b and 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

43.     Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

44.     Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

        WHEREFORE, Plaintiff requests that judgment be entered against Defendant for actual damages, punitive damages, and statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

                            *Count II– Violation of the FDCPA*

45.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46.     Defendant violated 15 U.S.C. § 1692e(8), when it communicated credit information which it knew, or should have known, to be false—specifically, by reporting the Alleged Account on Plaintiff's credit report.

        WHEREFORE, Plaintiff requests that judgment be entered against Defendant for actual damages, for statutory damages in the amount of $1,000, for costs and reasonable attorney's fees, and for such other and further relief as may be just and proper.

5

<u>TRIAL BY JURY</u>

47.    Plaintiff is entitled to and hereby requests a trial by jury.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

## **CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the*

*Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that

require filing confidential information and documents differently than non-confidential

information and documents.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

6

**Verification of Complaint and Certification by Plaintiff**

Plaintiff, Thomas Roseman, being duly sworn according to law, deposes as follows:

1.      I am a plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07 / 10 / 2025___    .    _____

                                             Thomas Roseman, Plaintiff

**EXHIBIT A**

## Mutual Release

The undersigned, Thomas Roseman and LVNV Funding, LLC, agree that:

Thomas Roseman releases LVNV Funding, LLC and all employees and attorneys from all claims.

LVNV Funding, LLC releases Thomas Roseman and all attorneys from all claims.

No other parties or companies are released that are not named in this release. A facsimile signature shall be considered an original, and this document may be signed in counterpart. The parties acknowledge that the claims being released are the subject of good-faith disputes, and therefore the release of the debt in this matter does not constitute the "discharge of indebtedness" as used in 26 U.S.C. § 6050P. As a result, neither party will issue a 1099 to the other. As part of this release, LVNV Funding, LLC will request the deletion of any tradeline associated with the claims released herein.

Dated: 08 / 15 / 2023
_____

_____
Thomas Roseman


LVNV Funding, LLC
By:

Dated:  September 7, 2023
_____

_Kim Hannigan_____
Sign Here

Kim Hannigan, Authorized Representative
Print Name and Title Here

**Dropbox** Sign                                                      Audit trail

| | |
|---|---|
| Title | LVNV v Roseman Mutual Release.pdf |
| File name | LVNV%20v%20Rosema...ual%20Release.pdf |
| Document ID | 41bff41b013feb417817cfc407c84beb1ee84cd4 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| SENT | **08 / 10 / 2023**<br>19:32:34 UTC | Sent for signature to Thomas Roseman (jetfan186@gmail.com)<br>from brett@freeman.law<br>IP: 73.101.254.49 |
| VIEWED | **08 / 15 / 2023**<br>23:25:21 UTC | Viewed by Thomas Roseman (jetfan186@gmail.com)<br>IP: 172.56.220.242 |
| SIGNED | **08 / 15 / 2023**<br>23:26:04 UTC | Signed by Thomas Roseman (jetfan186@gmail.com)<br>IP: 172.56.220.242 |
| COMPLETED | **08 / 15 / 2023**<br>23:26:04 UTC | The document has been completed. |

Powered by **Dropbox** Sign

Doc ID: bf738db48d8176d2aa20841506d1266012d088f8

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Roseman v LVNV Complaint.pdf |
| **File name** | Roseman%20v%20LVNV%20Complaint.pdf |
| **Document ID** | bf738db48d8176d2ae39841506d1366013d088f8 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ⌒↗ SENT | **07 / 10 / 2025** 19:28:15 UTC | Sent for signature to Thomas Roseman (jetfan186@gmail.com) from brett@freeman.law IP: 68.70.25.163 |
| ◎ VIEWED | **07 / 10 / 2025** 21:43:30 UTC | Viewed by Thomas Roseman (jetfan186@gmail.com) IP: 172.56.28.22 |
| ⌇ SIGNED | **07 / 10 / 2025** 21:46:50 UTC | Signed by Thomas Roseman (jetfan186@gmail.com) IP: 172.56.28.22 |
| ⟃ COMPLETED | **07 / 10 / 2025** 21:46:50 UTC | The document has been completed. |

Powered by **Dropbox** Sign

| | |
|---|---|
| Thomas Roseman,<br>　　　　Plaintiff | In the Monroe County<br>Court of Common Pleas |
| v. | Civil Action |
| LVNV Funding, LLC,<br>　　　　Defendant | No. 7785-cv-2024 |

### AFFIDAVIT OF SERVICE

The writ of summons in this matter was served upon LVNV Funding, LLC via United States Certified Mail, Return Receipt Requested. Service was effectuated on February 4, 2025.

I verify that the statements in this document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date 7/11/2025

_Brett Freeman_

Brett Freeman: PA 308834
Attorney for Plaintiff
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

Monroe County Prothonotary Filed July 11, 2025 12:10 PM

|  |  |
|---|---|
| Thomas Roseman,<br>                    Plaintiff | In the Monroe County<br>Court of Common Pleas |
| v. | Civil Action |
| LVNV Funding, LLC,<br>                    Defendant | No. 7785-cv-2024 |

## RESPONSE TO RULE TO SHOW CAUSE

In response to the Rule to Show Cause entered by the Court on July 2, 2025, Plaintiff requests that this matter not be dismissed. Plaintiff has every intention of proceeding with this litigation. Plaintiff timely served Defendant with the writ of summons on February 4, 2025. An affidavit of service has now been filed to address the Court's concern about service. Defendant did not request a rule on Plaintiff to file a complaint under Pa. R. Civ. P. 1037(a). Nevertheless, in light of the Court's order, Plaintiff has filed a complaint in this matter, and the complaint will promptly be served on Defendant. Plaintiff will file an affidavit of service for the complaint once service is effectuated.

Date  7/11/2025

_Bren n t_

Brett Freeman: PA 308834
Attorney for Plaintiff
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

## **CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010