IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ROSEMAN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:25-cv-01527-KM |
| LVNV FUNDING, LLC, | : |
| Defendant. | : |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant LVNV Funding, LLC respectfully answers Plaintiff's Complaint as follows:

INTRODUCTORY STATEMENT

1. Admitted in part, denied in part. Defendant admits Plaintiff brings claims for alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Defendant denies the remaining allegations in ¶ 1 of the Complaint.

2. Denied.

3. Denied.

PARTIES

4. Admitted upon information and belief.

5. Admitted in part, denied in part. Defendant admits Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in ¶ 5 of the Complaint, and as such they are denied.

6. Admitted in part, denied in part. Defendant admits it has a place of business in South Carolina. Defendant denies the remaining allegations in ¶ 6 of the Complaint.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted.

9. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint, and as such they are denied.

## FACTUAL ALLEGATIONS

10. Admitted in part, denied in part. Defendant admits Plaintiff was sued to recover delinquent financial obligations. Defendant denies all remaining allegations in ¶10 of the Complaint.

11. Admitted.

12. Admitted.

13. Denied.

14. Defendant admits any properly quoted language from the release in ¶ 15 of the Complaint. Otherwise, Defendant denies these allegations.

15. Denied.

16. Denied.

17. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint, and as such they are denied.

18. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 18 of the Complaint, and as such they are denied.

19. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 19 of the Complaint, and as such they are denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 25 of the Complaint, and as such they are denied.

26. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 26 of the Complaint, and as such they are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## STATEMENT OF CLAIM

*Count I – Violation of the Fair Credit Reporting Act*

38. Defendant incorporates all preceding paragraphs of this Answer as though more fully set forth here.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

*Count II – Violation of the FDCPA*

45. Defendant incorporates all preceding paragraphs of this Answer as though more fully set forth here.

46. Denied.

## TRIAL BY JURY

47. Defendant demands a jury trial.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of failure to mitigate.

### SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that to the extent Plaintiff sustained actual damages (which Defendant denies), such damages were caused, in whole or in part, by the conduct of third parties or others, over which Defendant has no authority or control.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

1.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: /s/ *Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☎ (904) 892-6369
🖨 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

          ANDREW M. SCHWARTZ, ESQUIRE
          PA Bar No. 79427
          935 E. Lancaster Ave., #1003
          Downingtown, PA 19335
          ☎ (320) 434-9664
          🖷 (312) 334-3474 (fax)
          ✉ aschwartz@messerstrickler.com
          *Counsel for Defendant*

Dated: August 25, 2025

## CERTIFICATE OF SERVICE

I certify that on August 25, 2025, a true copy of the foregoing document was served on all unrepresented parties and all counsel of record by electronic service or US Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By:  */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
1400 Marsh Landing Parkway
Suite 109
Jacksonville, FL 32250
☏ (904) 892-6369
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

ANDREW M. SCHWARTZ, ESQUIRE
PA Bar No. 79427
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☏ (320) 434-9664
🖷 (312) 334-3474 (fax)
✉ aschwartz@messerstrickler.com
*Counsel for Defendant*

Dated: August 25, 2025