IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Roseman,<br>                Plaintiff<br>     v.<br><br>LVNV Funding, LLC and<br>Resurgent Capital Services, LP,<br>                Defendants | Docket No. 3:25-cv-01527-KM<br><br>(JUDGE KAROLINE MEHALCHICK) |

# AMENDED COMPLAINT

## INTRODUCTORY STATEMENT

1.  This is a claim by an individual consumer for violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2.  Defendants violated the FCRA and the FDCPA by reporting inaccurate credit information related to Plaintiff. The FCRA allows Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees.

3.  The FDCPA allows Plaintiff to recover actual damages, statutory damages, costs, and attorney's fees.

## PARTIES

4. Plaintiff, Thomas Roseman, is a natural person who resides at 145 Hty Rd., Kunkletown, PA 18058.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant LVNV Funding, LLC ("LVNV") is a debt collector with a place of business in South Carolina and doing business in Pennsylvania.

7. Defendant Resurgent Capital Services, L.P. ("LVNV") is a debt collector with a place of business in South Carolina and doing business in Pennsylvania.

8. LVNV is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

9. Resurgent is a "furnisher" as that term is used in 15 U.S.C. § 1681s 2.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear the claims alleged herein.

11. Venue is proper in this Court because a substantial part of the claim arose here.

## Factual Allegations

12. In 2023, following a series of lawsuits between the Plaintiff and LVNV, the parties entered into a mutual release ("the Mutual Release") to resolve all claims between them.

13. A copy of the Mutual Release is attached hereto as Exhibit A.

14. The Mutual Release was signed by Plaintiff on August 15, 2023, and it was signed by LVNV on September 7, 2023.

15. Prior to LVNV signing the Mutual Release, LVNV, through its agent Resurgent, was reporting a debt on Plaintiff's credit report in the amount of $3,238 ("the Alleged Account").

16. As part of the Mutual Release, LVNV agreed to release Plaintiff "from all claims."

17. The Mutual Release included the Alleged Account.

18. After the Mutual Release was signed, LVNV or Resurgent continued to pull Plaintiff's credit report.

19. After the Mutual Release was signed, Plaintiff reviewed his credit reports, and saw that his credit reports included the Alleged Account.

20. As a result, on or about November 8, 2023, Plaintiff mailed dispute letters to the three large consumer reporting agencies—Trans Union, Equifax, and Experian ("the First Dispute Letter").

21. As part of the First Dispute Letter, Plaintiff included a copy of the Mutual Release and explained that he did not owe the Alleged Account as a result of the Mutual Release.

22. Resurgent was notified of the First Dispute Letter by Trans Union.

23. LVNV was notified of the First Dispute Letter by either Trans Union or Resurgent.

24. Resurgent was notified of the First Dispute Letter by Experian.

25. LVNV was notified of the First Dispute Letter by either Trans Union or Resurgent

26. Resurgent was notified of the First Dispute Letter by Equifax.

27. LVNV was notified of the First Dispute Letter by either Trans Union or Resurgent.

28. It is believed, and therefore averred, that after Resurgent received notice of the First Dispute Letter, that it then conducted an investigation regarding the Alleged Account.

29. It is believed, and therefore averred, that after LVNV received notice of the First Dispute Letter, that it then conducted an investigation regarding the Alleged Account through its agent Resurgent.

30. In response to these disputes, Defendants either verified or updated the Alleged Account to include a slightly different balance.

31. Plaintiff received dispute results from the consumer reporting agencies indicating that the Alleged Account had been verified or updated.

32. Plaintiff thereafter lodged multiple additional disputes with Equifax, Experian, and TransUnion.

33. It is believed, and therefore averred, that Resurgent received notice of multiple disputes regarding the Alleged Account from Experian.

34. It is believed, and therefore averred, that LVNV received notice of multiple disputes regarding the Alleged Account from Experian or Resurgent.

35. It is believed, and therefore averred, that Resurgent received notice of multiple disputes regarding the Alleged Account from Equifax.

36. It is believed, and therefore averred, that LVNV received notice of multiple disputes regarding the Alleged Account from Equifax or Resurgent.

37. It is believed, and therefore averred, that Resurgent received notice of multiple disputes regarding the Alleged Account from TransUnion.

38. It is believed, and therefore averred, that LVNV received notice of multiple disputes regarding the Alleged Account from TransUnion or Resurgent.

39. It is believed, and therefore averred, that in response to each dispute that it received from Experian regarding the Alleged Account, Resurgent either verified that the information it was reporting was correct, or provided an updated balance.

40. It is believed, and therefore averred, that in response to each dispute that it received from Experian regarding the Alleged Account, LVNV, through its agent Resurgent, either verified that the information it was reporting was correct, or provided an updated balance.

41. It is believed, and therefore averred, that in response to each dispute that it received from Equifax regarding the Alleged Account,

Resurgent either verified that the information it was reporting was correct, or provided an updated balance.

42. It is believed, and therefore averred, that in response to each dispute that it received from Equifax regarding the Alleged Account, LVNV, through its agent Resurgent, either verified that the information it was reporting was correct, or provided an updated balance.

43. It is believed, and therefore averred, that in response to each dispute that it received from Trans Union regarding the Alleged Account, Resurgent either verified that the information it was reporting was correct, or provided an updated balance.

44. It is believed, and therefore averred, that in response to each dispute that it received from Trans Union regarding the Alleged Account, LVNV, through its agent Resurgent, either verified that the information it was reporting was correct, or provided an updated balance.

45. Resurgent failed to conduct reasonable investigations of the Alleged Account upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies.

46. LVNV failed to conduct reasonable investigations of the Alleged Account upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies.

47. Resurgent failed to appropriately modify, delete, or block Plaintiff's account after conducting its investigation of the Alleged Account.

48. LVNV failed to appropriately modify, delete, or block the Alleged Account after conducting its investigation of Plaintiff's account.

49. Due to Defendants' failure to conduct reasonable investigations regarding Plaintiff's disputes, the Alleged Account on Plaintiff's credit reports was not appropriately deleted.

50. The improper reporting of the Alleged Account has hampered Plaintiff's ability to obtain credit and pursue other opportunities.

51. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, detriment to his credit rating, and emotional distress.

STATEMENT OF CLAIM

*Count I – Violation of the Fair Credit Reporting Act*
*(Applies to Both Defendants)*

52. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53. Defendants willfully or negligently violated 15 U.S.C. § 1681b, when it continued to pull Plaintiff's credit report after entering into the Mutual Release.

54. Once the Mutual Release was entered into, Defendants no longer had a permissible purpose to pull Plaintiff's credit report.

55. Defendants willfully or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, by failing to appropriately report the results of its investigations, and by failing to appropriately modify, delete, or block the disputed information.

56. As a result of Defendants' violations of 15 U.S.C. §§ 1681b and 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit

rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

57. Defendants' actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

58. Plaintiff is entitled to recover costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for actual damages, punitive damages, and statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

*Count II– Violation of the FDCPA*
*(Applies to Both Defendants)*

59. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

60. Defendants violated 15 U.S.C. § 1692e(8), when it communicated credit information which it knew, or should have known, to be false—specifically, by reporting the Alleged Account on Plaintiff's credit report.

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for actual damages, for statutory damages in the amount of $1,000, for costs and reasonable attorney's fees, and for such other and further relief as may be just and proper.

## TRIAL BY JURY

61. Plaintiff is entitled to and hereby requests a trial by jury.

*s/ Brett Freeman*
Brett Freeman
Bar Number: PA 308834
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010
Fax (570) 456-5955
Email brett@freeman.law