**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS ROSEMAN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:25-cv-01527-KM |
| LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP, | : |
| Defendants. | : |

**DEFENDANT LVNV FUNDING, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

AND NOW comes Defendant LVNV Funding, LLC, ("LVNV"), by and through its undersigned counsel, Andrew M. Schwartz and Lauren M. Burnette of the law firm Messer Strickler Burnette, Ltd., and hereby answers Plaintiff's Amended Complaint as follows:

ANSWER TO INTRODUCTORY STATEMENT

1. Admitted in part and denied in part. LVNV admits that Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* LVNV denies the remaining allegations in this paragraph.

1

2. Denied. LVNV denies any violation of the FCRA or the FDCPA and denies that Plaintiff is entitled to any recovery against LVNV in the absence of any violative conduct on the part of LVNV.

3. Denied. LVNV denies the allegations in this paragraph as they constitute conclusions of law. LVNV refers all questions of law to the Court.

## ANSWER TO PARTIES

4. Admitted in part and denied in part. LVNV admits, on information and belief, that Plaintiff Thomas Roseman, is a natural person. LVNV lacks sufficient knowledge or information to form a belief as to whether Plaintiff resided at the address set forth in this paragraph at all times relevant to the allegations in his Amended Complaint, and, therefore, denies these allegations.

5. Denied. LVNV denies the allegations in this paragraph as they constitute conclusions of law. LVNV refers all questions of law to the Court.

6. Admitted in part and denied in part. LVNV admits it maintains a place of business in South Carolina. LVNV denies the remaining allegations in this paragraph.

7. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations..

8. Denied. LVNV denies the allegations in this paragraph as they constitute conclusions of law. LVNV refers all questions of law to the Court.

9. Denied. LVNV denies the allegations in this paragraph as they constitute conclusions of law. LVNV refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

10. Admitted.

11. Denied. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

## ANSWER TO FACTUAL ALLEGATIONS

12. Admitted in part and denied in part. LVNV admits Plaintiff was sued to recover on his delinquent financial obligations and that a Mutual Release was entered into with respect to that one financial obligation referenced in the underlying lawsuit. LVNV denies the remaining allegations in this paragraph.

13. Admitted. LVNV admits that a copy of the Mutual Release is appended to the Amended Complaint as Exhibit "A"

14. Admitted.

15. Denied.

16. Admitted in part and denied in part. LVNV admits any properly quoted language from the release in this paragraph as it relates to the account referenced in the underlying suit. Otherwise, LVNV denies these allegations.

17. Denied. LVNV denies that the Mutual Release included Plaintiff's outstanding debt of $3,238.91, which was originally owed by Plaintiff to Capital One (hereafter "Capital One Account").

18. Denied. LVNV denies that it accessed Plaintiff's credit reports at any time. LVNV lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore, denies these allegations.

19. Denied. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such, denies these allegations.

20. Denied. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such, denies these allegations.

21. Denied. After reasonable investigation, LVNV lacks sufficient knowledge and information to form a belief as to the truth of the allegations in  this paragraph, and as such, denies these allegations.

22. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

23. Denied. LVNV denies that it received notice of a dispute letter from Trans Union or RCS.

24. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

25. Denied. LVNV denies that it received notice of a dispute letter from Trans Union or RCS.

26. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

27. Denied. LVNV denies that it received notice of a dispute letter from Trans Union or RCS.

28. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

29. Denied. LVNV denies that it received notice of a dispute letter from Trans Union or RCS.  Therefore, LVNV denies the allegations in this paragraph as they rely on a false premise.

30. Denied. LVNV denies that it received notice of a dispute letter from Trans Union or RCS. Therefore, LVNV denies the allegations in this paragraph as they rely on a false premise.  To the extent that this paragraph is directed to RCS, LVNV denies these allegations.

31.     Denied. LVNV lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

32.     Denied. LVNV lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

33.     Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

34.     Denied.  LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account from Experian or Resurgent.

35.     Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

36.     Denied.  LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account from Equifax or Resurgent.

37.     Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

38.     Denied.  LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account from Trans Union or Resurgent.

39. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

40. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

41. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

42. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

43. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

44. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

45. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

46. Denied. LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account and denies the remaining allegations as they rely on a false premise.

47. Denied. The allegations in this paragraph are directed to RCS. Therefore, LVNV denies these allegations.

48. Denied. LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account and denies the remaining allegations as they rely on a false premise.

49. Denied. LVNV denies receiving notice of any disputes from Plaintiff in connection with the Capital One Account and, therefore, denies the remaining allegations to the extent that they are directed to LVNV. To the extent that the allegations in this paragraph are directed to RCS, LVNV denies these allegations.

50. Denied. LVNV denies these allegations and leaves Plaintiff to his proofs.

51. Denied. LVNV denies that it or RCS engaged in any conduct, act or omission in violation of the FDCPA or the FCRA and denies that Plaintiff has incurred any damages, statutory or otherwise, or that he incurred any impairment of his credit. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO STATEMENT OF CLAIM

*Count I – Violation of the Fair Credit Reporting Act*

52. No response is required to this paragraph as Plaintiff is merely incorporating his allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, LVNV incorporates its

responses to Paragraphs 1 through 51, as though fully set forth herein at length.

    53.    Denied.

    54.    Denied.

    55.    Denied.

    56.    Denied.

    57.    Denied.

    58.    Denied.

*Count II – Violation of the FDCPA*

    59.    No response is required to this paragraph as Plaintiff is merely incorporating his allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, LVNV incorporates its responses to Paragraphs 1 through 58, as though fully set forth herein at length.

    60.    Denied.

<u>TRIAL BY JURY</u>

    61.    LVNV demands a jury trial.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff;

dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

LVNV affirmatively asserts the defense of failure to mitigate.

### SECOND AFFIRMATIVE DEFENSE

LVNV affirmatively asserts that to the extent Plaintiff sustained actual damages (which LVNV denies), such damages were caused, in whole or in part, by the conduct of third parties or others, over which LVNV has no authority or control.

### THIRD AFFIRMATIVE DEFENSE

To the extent that LVNV engaged in any conduct with respect to Plaintiff, which is denied, and if such purported act or omission violated the FDCPA (and if the FDCPA is deemed applicable to LVNV), which is also denied, LVNV bears no liability because it can show by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that LVNV is deemed liable, LVNV is entitled to a set off as to any and all actual damages claimed by Plaintiff recovered by

Plaintiff against RCS, if any, and in the matter, *Roseman v. Equifax Information Services LLC*, 3:25-cv-00441-JKM (removed to the USDC MDPA on 03/10/2025)(alleging substantially similar claims and damages as in this pending litigation).

    WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Dated: May 13, 2025    Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:  /s/ *Andrew M. Schwartz*
Andrew M. Schwartz (SBN 79427)
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎ 320-434-9664
🖷 312-334-3474
✉ Aschwartz@messerstrickler.com

Lauren M. Burnette
PA Bar No. 92412
1200 Riverplace Blvd. Suite 105
#1558
Jacksonville, FL 32207
☎(904) 892-6936
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

*Attorneys for Defendants LVNV Funding LLC and Resurgent Capital Services, LP*

11

## CERTIFICATE OF SERVICE

I certify that on October 8, 2025, a true copy of the foregoing Answer with Affirmative Defenses was served on Plaintiff by electronic service.

**MESSER STRICKLER BURNETTE, LTD.**

By: /s/ *Andrew M. Schwartz*
Andrew M. Schwartz (SBN 79427)
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☎ 320-434-9664
🖷 312-334-3474
✉ Aschwartz@messerstrickler.com