## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ROSEMAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 3:25-cv-01527-KM** |
| | : | |
| **LVNV FUNDING, LLC, and** | : | |
| **RESURGENT CAPITAL** | : | |
| **SERVICES, LP,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT RESURGENT CAPITAL SERVICES, LP'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW comes Defendant Resurgent Capital Services, LP, ("RCS"), by and through its undersigned counsel, Andrew M. Schwartz and Lauren M. Burnette of the law firm Messer Strickler Burnette, Ltd., and hereby answers Plaintiff's Amended Complaint as follows:

### ANSWER TO INTRODUCTORY STATEMENT

1.      Admitted in part and denied in part. RCS admits that Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*  RCS denies the remaining allegations in this paragraph.

2.      Denied. RCS denies any violation of the FCRA or the FDCPA and denies that Plaintiff is entitled to any recovery against RCS in the absence of any violative conduct on the part of RCS.

3.      Denied. RCS denies the allegations in this paragraph as they constitute conclusions of law. RCS refers all questions of law to the Court.

<u>ANSWER TO PARTIES</u>

4.      Admitted in part and denied in part. RCS admits, on information and belief, that Plaintiff Thomas Roseman, is a natural person. RCS lacks sufficient knowledge or information to form a belief as to whether Plaintiff resided at the address set forth in this paragraph at all times relevant to the allegations in his Amended Complaint, and, therefore, denies these allegations.

5.      Denied. RCS denies the allegations in this paragraph as they constitute conclusions of law. RCS refers all questions of law to the Court.

6.       Denied. The allegations in this paragraph are directed to LVNV.  Therefore, RCS denies these allegations.

7.      Admitted in part and denied in part. RCS admits that it maintains a place of business in South Carolina, but . RCS denies the remaining allegations in this paragraph.

8.      Denied. RCS denies the allegations in this paragraph as they constitute conclusions of law. RCS refers all questions of law to the Court.

9.    Denied. RCS denies the allegations in this paragraph as they constitute conclusions of law. RCS refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

10.    Admitted.

11.    Denied. After reasonable investigation, RCS lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such they are denied.

## ANSWER TO FACTUAL ALLEGATIONS

12.    Admitted in part and denied in part. RCS admits Plaintiff was sued on behalf of LVNV to recover on certain of his delinquent financial obligations and that a Mutual Release was entered into with respect to that one  financial obligation referenced in the underlying lawsuit. RCS denies the remaining  allegations in this paragraph.

13.    Admitted.  RCS admits that a copy of the Mutual Release is appended to the Amended Complaint as Exhibit "A".

14.    Admitted.

15.    Admitted in part and denied in part. RCS admits that the referenced credit report speaks for itself.  Unless otherwise admitted, RCS denies the allegations in this paragraph.

16.    Admitted in part and denied in part. RCS admits any properly quoted language from the release in this paragraph. Otherwise, RCS denies these allegations.

17.    Denied. RCS denies that the Mutual Release included Plaintiff's outstanding debt of $3,238.91, which was originally owed by Plaintiff to Capital One (hereafter "Capital One Account").

18.    Denied.

19.    Denied. After reasonable investigation, RCS lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such, denies these allegations.

20.    Denied. After reasonable investigation, RCS lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and as such, denies these allegations.

21.    Denied.

22.    Admitted in part and denied in part. RCS admits it received ACDV's in November 2023, and that an attorney-drafted letter was provided with the ACDV's.  RCS admits that it received the subject letter from the CRA's.  Unless otherwise admitted, RCS denies the allegations in this paragraph.

23.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

24.    Denied. RCS denies these allegations.

25.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

26.    Denied. RCS denies these allegations.

27.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

28.    Admitted in part and denied in part. RCS admits that it conducted reasonable investigations tailored to the nature of the disputes set forth in the ACDV's and the documents provided with the ACDV's pertaining to Plaintiff's valid and delinquent Capital One debt obligation owed to LVNV.  RCS further admits that its conduct fully comported with its obligations under Section 1681s-2(b) of the FCRA.  Unless otherwise admitted, RCS denies the allegations in this paragraph.

29.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

30.    Admitted in part and denied in part. RCS admits that, at the conclusion of its reasonable investigations tailored the nature of Plaintiff's disputes, RCS accurately conveyed the results of its investigations to the CRA's.  Unless otherwise admitted, RCS denies the allegations in this paragraph.

31.    Denied. RCS lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

32.    Denied. RCS lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, therefore, denies these allegations.

33.    Denied.  RCS denies these allegations.

34.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

35.    Admitted in part and denied in part. RCS admits that the referenced ACDVs speak for themselves. Unless otherwise admitted, RCS denies the allegations in this paragraph.

36.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

37.    Admitted in part and denied in part. RCS admits that the referenced ACDVs speak for themselves. Unless otherwise admitted, RCS denies the allegations in this paragraph.

38.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

39.    Denied.  RCS denies these allegations and leaves Plaintiff to his proofs.

40.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

41.    Admitted in part and denied in part.    RCS admits that, following a reasonable investigation of the ACDV and supporting documents provided by Equifax, and in compliance with its obligations under Section1681s-2(b) of the FCRA, RCS verified the Capital One Account as disputed and adjusted the balance. Unless otherwise admitted, RCS denies the allegations in this paragraph.

42.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

43.    Admitted in part and denied in part.    RCS admits that, following a reasonable investigation of the ACDV and supporting documents provided by TransUnion, and in compliance with its obligations under Section1681s-2(b) of the FCRA, RCS verified the Capital One Account as disputed and adjusted the balance. Unless otherwise admitted, RCS denies the allegations in this paragraph.

44.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

45.    Denied. RCS denies these allegations and leaves Plaintiff to his burden of proof.

46.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

47.    Denied. RCS denies these allegations.

48.    Denied. The allegations in this paragraph are directed to LVNV. Therefore, RCS denies these allegations.

49.    Denied.  RCS denies these allegations and leaves Plaintiff to his burden of proof.

50.    Denied.  RCS denies these allegations and leaves Plaintiff to his proofs.

51.    Denied. RCS denies that it or LVNV engaged in any conduct, act, or omission in violation of the FDCPA or the FCRA and denies that Plaintiff has incurred any damages, statutory or otherwise, or that he incurred any impairment of his credit.  A factual basis for these conclusory allegations is demanded of Plaintiff.

<u>ANSWER TO STATEMENT OF CLAIM</u>

*Count I – Violation of the Fair Credit Reporting Act*

52.    No response is required to this paragraph as Plaintiff is merely incorporating his allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, RCS incorporates its responses to Paragraphs 1 through 51, as though fully set forth herein at length.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

<em>Count II – Violation of the FDCPA</em>

59.    No response is required to this paragraph as Plaintiff is merely incorporating his allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, RCS incorporates its responses to Paragraphs 1 through 58, as though fully set forth herein at length.

60.    Denied.

TRIAL BY JURY

61.    RCS demands a jury trial.

WHEREFORE, Defendant Resurgent Capital Services, LP, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

RCS affirmatively asserts the defense of failure to mitigate.

### SECOND AFFIRMATIVE DEFENSE

RCS affirmatively asserts that to the extent Plaintiff sustained actual damages (which RCS denies), such damages were caused, in whole or in part, by the conduct of third parties or others, over which RCS has no authority or control.

### THIRD AFFIRMATIVE DEFENSE

To the extent that RCS engaged in any act or omission that violated the FDCPA, which is denied, RCS bears no liability because it can show by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that RCS is deemed liable, RCS is entitled to a set off as to any and all actual damages claimed by Plaintiff recovered by Plaintiff against LVNV, if any, and in the matter, *Roseman v. Equifax Information Services LLC*, 3:25-cv-00441-JKM (removed to the USDC MDPA on 03/10/2025)(alleging substantially similar claims and the same actual damages as sought in this litigation).

10

WHEREFORE, Defendant Resurgent Capital Services, LP, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Dated: October 8 2025        Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:    /s/ *Andrew M. Schwartz*
       Andrew M. Schwartz (SBN 79427)
       935 E. Lancaster Ave., #1003
       Downingtown, PA 19335
       ☎ 320-434-9664
       🖷 312-334-3474
       ✉ Aschwartz@messerstrickler.com

       Lauren M. Burnette
       PA Bar No. 92412
       1200 Riverplace Blvd. Suite 105
       #1558
       Jacksonville, FL 32207
       ☎ (904) 892-6936
       🖷 (904) 298-8350 (fax)
       ✉ lburnette@messerstrickler.com

       *Attorneys for Defendants LVNV*
       *Funding, LLC and Resurgent Capital*
       *Services, LP*

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 8, 2025, a true copy of the foregoing Answer with Affirmative Defenses was served on Plaintiff by electronic service.

**MESSER STRICKLER BURNETTE, LTD.**

By: <u>/s/ *Andrew M. Schwartz*</u>
   Andrew M. Schwartz (SBN 79427)
   935 E. Lancaster Ave., #1003
   Downingtown, PA 19335
   ☎ 320-434-9664
   🖷 312-334-3474
   ✉ Aschwartz@messerstrickler.com