Attorneys for Plaintiff:

   Brett Freeman: Bar Number PA 308834
   FREEMAN LAW
   606 Hamlin Highway, Suite 2
   Lake Ariel, PA 18436
   Phone (570) 589-0010
   Facsimile (570) 456-5955
   Email brett@freeman.law

Attorneys for Defendants:

   Lauren Burnette: Bar Number 92412
   Messer, Strickler, Burnette, LTD
   1200 Riverplace Blvd., Suite 105 #1558
   Jacksonville, FL 32207
   Phone 717-487-2610
   Facsimile 904-298-8350
   Email lburnette@messerstrickler.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Roseman,<br>                Plaintiff<br>   v.<br><br>LVNV Funding, LLC and Resurgent Capital Services, LP,<br>                Defendants | Docket No. 3:25-cv-01527-KM<br><br>(JUDGE KAROLINE MEHALCHICK) |

### PROPOSED JOINT CASE MANAGEMENT PLAN

    Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:  Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("the Act"), which regulates, *inter alia,* furnishers of information to credit reporting agencies. LVNV—a debt buyer—had entered into a mutual release with Plaintiff and released each other of "all claims." When an LVNV Funding tradeline remained on his credit report, Plaintiff disputed this information with Defendants. Defendants verified the information, and Defendants did not remove the information from Plaintiff's credit report.

Under the Act, Defendants are required to conduct a reasonable reinvestigation when they receive a dispute from Plaintiff such as the ones in this case. However, instead of conducting a reasonable investigation, Defendant simply said that all the information on the report was correct. This response was particularly problematic here, because Defendant had all of the information in front of it to readily determine that Plaintiff did not owe the LVNV Funding debt.

Plaintiff believes that Defendants committed both willful and negligent violations of the Act.

<u>By Defendants</u>:

Defendants deny that the scope of the Release that resolved a separate and distinct debt obligation originally owed by Plaintiff provided a blanket release of other debts owed by Plaintiff. .Defendant contend that Plaintiff's Capital One Bank (USA). N.A. debt was not cancelled or forgiven as a result of the Release appended to the Complaint as Exhibit "A."   Therefore, Defendants deny that Plaintiff has advanced any viable FDCPA or FCRA claim.  Further, Defendants deny that the Release serves to release Plaintiff from the entire universe of debt obligations he owes to LVNV.

1.2     The facts the parties <u>dispute</u> are as follows:

        All remaining facts.

<u>agree</u> upon are as follows:

1.3     The legal issues the parties <u>dispute</u> are as follows:

        All remaining legal issues.

<u>agree</u> upon are as follows:

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

        None.

1.5   Identify any named parties that have not yet been served:

      None.

1.6   Identify any additional parties that:

plaintiff(s) intends to join:  None.

Defendants intend to join: None.

1.7   Identify any additional claims that:

plaintiff(s) intends to add:  None.

Defendants intend to add: None.

**2.0   Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Thomas Roseman</u> | Plaintiff |

Disclosed by <u>Defendant LVNV Funding, LLC</u>:

| Name | Title/Position |
|---|---|
| Candy Mellen | Corporate Designee (Resurgent) |

Disclosed by <u>Defendant Resurgent Capital Services, L.P.</u>:

| Name | Title/Position |
|---|---|
| Candy Mellen | Corporate Designee |

## 3.0  Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| **None at this time** | | |

## 4.0  Discovery

4.1  Briefly describe any discovery that has been completed or is in progress:

> By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

> By Defendants:  Defendants will serve disclosures under Rule 26(a)(1) and written discovery requests.

4.2  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

> Depositions of the authorized representative of Defendants. Written discovery regarding the claims at issue. Deposition of each Defendant regarding the mutual release. Deposition of Pressler, Felt, & Warshaw regarding the discussion that preceded the mutual release. Discovery into Defendants policies and procedures.

Defendants:

> Defendants intend to depose Plaintiff and to issue written discovery concerning the mutual release and the debt obligations owed by Plaintiff.

4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

>   None.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

>   None.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

  4.5.1 depositions (excluding experts) to be taken by:

    Plaintiff(s): **10**  Defendant(s): **10**

  4.5.2 interrogatories to be served by:

    Plaintiff(s): **40**  Defendant(s): **40**

  4.5.3 document production requests to be served by:

    Plaintiff(s): **40**  Defendant(s): **40**

  4.5.4 requests for admission to be served by:

    Plaintiff(s): **40**  Defendant(s): **40**

4.6 Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

  The parties have agreed to reasonably exchange e-discovery

  information, and that the information will be exchanged in native

  format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0** **Protective Order**

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

>    The parties are attempting to negotiate the form of a mutually agreeable protective order and will continue to negotiate in good-faith.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0   Scheduling**

>    6.1   Final date for joining additional parties:
>
>    <u>July 31, 2026</u>  Plaintiff(s)
>
>    <u>July 31, 2026</u>  Defendants
>
>    6.2   Final date for amending pleadings:
>
>    <u>July 31, 2026</u>  Plaintiff(s)
>
>    <u>July 31, 2026</u>  Defendants
>
>    6.3   All fact discovery commenced in time to be completed by:
>
>    <u>September 25, 2026</u>
>
>    6.4   All potentially dispositive motions should be filed by:
>
>    <u>February 26, 2027</u>
>
>    6.5   Reports from retained experts due:
>
>    from plaintiff(s) by <u>October 3, 2026</u>
>
>    from defendants by <u>November 3, 2026</u>
>
>    6.6   Supplementations due <u>December 8, 2026</u>
>
>    6.7   All expert discovery commenced in time to be completed by <u>November 4, 2026</u>

6.8   This case may be appropriate for trial in approximately:

      __   240 Days from the filing of the action in this court
      X   365 Days from the filing of the action in this court
      __   Days from the filing of the action in this court

6.9   Suggested date for the final Pretrial Conference:

    December 31, 2026 (month/year)

6.10  Trial

    6.10.1 Suggested Date for the Trial:

        January 2027 (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

  I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

    Thomas Roseman
    Name

    Plaintiff
    Title

    145 Hty Rd
    Kunkletown, PA 18058
    Address

    (201) 993-4915  Daytime Telephone

For Defendants:

    Tina Lam, Esq.
    Name

<u>Sr. Corporate Counsel for Resurgent</u>
Title

<u>P.O. Box 10497 Greenville, SC 29603</u>
Address

<u>1-888-665-0374</u>   Daytime Telephone


**8.0    Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear in-person. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear in-person.

        Date ADR to be commenced: One week after close of discovery.

        Date ADR to be completed: Three weeks after close of discovery.

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

    Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

    All parties agree to jurisdiction by a magistrate judge of this court:

    \_\_\_\_Y  \_X\_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

  \_NA\_ Scranton/Wilkes-Barre

  \_NA\_ Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

10.1 Modifications from Discovery Rules:

    10.1.1    Before noticing any deposition, counsel shall contact all counsel of record to determine mutually convenient times, dates, and locations. If opposing counsel has not provided this information within 48 hours of request, the deposition may be noticed unilaterally. The officer at a video deposition may be an employee of a party's attorney.

    10.1.2    Depositions shall be conducted in accordance with the guidelines for discovery depositions set forth in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531-32 (E.D. Pa. 1993). At any time during a deposition, counsel for the party conducting the deposition may state

that all objections shall be reserved until trial, in which event:

(a)	any attorney defending the deposition shall refrain from making any further objections of any nature;

(b)	notwithstanding Fed.R.Civ.P. 32(d)(3), no objection shall be deemed waived; and

(c)	the attorney defending the deposition retains the right under Fed.R.Civ.P. 30 (c)(2) to instruct a deponent not to answer to preserve a privilege, enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

**11.0	Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

	For Plaintiff:

	Brett Freeman

FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

For Defendants:

Lauren Burnette

Messer, Strickler, Burnette, LTD

1200 Riverplace Blvd., Suite 105 #1558

Jacksonville, FL 32207

Phone 717-487-2610

Andrew Michael Schwartz

Messer Strickler Burnette, LTD

935 E. Lancaster Ave, #1003

Downingtown, PA 19335

Phone: 320-434-9664

DATED:  11/3/2025    *s/ Brett Freeman*
Attorney(s) for Plaintiff(s)
☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
Brett Freeman
Bar Number PA 308834
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
Phone (570) 589-0010
Facsimile (570) 456-5955
Email brett@freeman.law

DATED:  11/3/2025    *Andrew M. Schwartz (with consent)*
Attorneys for Defendants
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*

Andrew Michael Schwartz
PA Bar Number 79427
Messer Strickler Burnette, LTD
935 E. Lancaster Ave, #1003
Downingtown, PA 19335
Phone: 320-434-9664
Email: Aschwartz@messerstrickler.com

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.